UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLARENCE JOHNSON,

                Petitioner,

v.

STEVEN SINCLAIR,

                Respondent.

Case No. C08-1794-MJP-JPD

REPORT AND RECOMMENDATION

Petitioner Clarence Johnson is currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. He seeks habeas relief under 28 U.S.C. § 2254 from his 2004 King County Superior Court conviction on one count of rape of a child in the first degree. Respondent has filed a motion to dismiss the petition. Respondent argues therein that petitioner has properly exhausted only three of his eleven grounds for federal habeas relief. Respondent further argues that petitioner still has the opportunity to exhaust his remaining claims by filing a personal restraint petition in state court before his claims become time-barred under RCW 10.73.090. Respondent asserts that for this reason the petition is a mixed petition which should be dismissed by this Court.

It is well established that state remedies must first be exhausted on all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. §2254(b), (c). If

REPORT AND RECOMMENDATION - 1

a federal habeas petition contains both exhausted and unexhausted issues, the petition must be dismissed. *Rose v. Lundy*, 455 U.S. at 522.

It is clear from the record that petitioner has properly exhausted some, but not all, of his federal habeas claims. At the time petitioner originally filed his petition, on October 16, 2008, it appears that petitioner could have returned to the state courts to present his unexhausted claims through a personal restraint petition before his claims became time-barred under RCW 10.73.090. It does not appear that he may do so now.

RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. RCW 10.73.090(3) provides that a judgment becomes final for purposes of calculating the one year limitation period on the last of the following dates: (a) the date the judgment is filed with the clerk of the trial court; (b) the date an appellate court issues its mandate disposing of a timely direct appeal; or, (c) the date the United State Supreme Court denies a timely petition for certiorari to review a decision affirming a conviction on direct appeal.

In this case, petitioner filed a timely direct appeal, but he did not file a petition for certiorari. Thus, petitioner's conviction therefore became final for purposes of state law on January 16, 2008, the date the Washington Court of Appeals issued its mandate disposing of his direct appeal. RCW 10.73.090(3)(b). Petitioner therefore had until on or about January 16, 2009, to file a personal restraint petition in the state courts. Nothing in the record suggests that petitioner filed any such petition. It appears clear that petitioner would now be time barred from returning to the state courts to present his unexhausted claims. *See* RCW 10.73.090. It thus appears that petitioner no longer has any state remedies available to him and that his claims are therefore technically exhausted. *See Coleman v. Thompson*, 501 U.S. 722, 724 (1991).

REPORT AND RECOMMENDATION - 2

Given that all of petitioners claims are now either properly exhausted or technically exhausted, petitioner's petition does not constitute a "mixed petition" under *Rose v. Lundy*. This Court therefore recommends that respondent's motion to dismiss be denied and that respondent be directed to file an answer to the petition. A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of March, 2009.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3