UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CLARENCE JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO. C08-1794-MJP-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN SINCLAIR, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a Washington State prisoner who is currently incarcerated at the Washignton State Penitentiary in Walla Walla, Washington. He seeks relief under 28 U.S.C. § 2254 from his 2004 King County Superior Court judgment and sentence. Respondent has filed an answer to the petition together with relevant portions of the state court record. The Court, having reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be denied and this action should be dismissed with prejudice.

## FACTUAL BACKGROUND

The Washington Court of Appeals summarized the facts of petitioner's offense and trial proceedings as follows:

> Johnson met Tesha Stone in 1999 and they began dating. Stone had two children, E.S. (born February 20, 1997) and K.G., from previous relationships, and became pregnant with Johnson's child in 2000. They lived together in an apartment in Kent and moved to an apartment in Auburn in 2002. When they lived in Auburn, Stone worked two jobs, often leaving her children at home with Johnson. In September 2002, Johnson was arrested for assaulting Stone, and he was incarcerated.
>
> After that, Stone began dating Adrian Laster. In January 2003, after watching a television show about a girl who had been abducted and sexually abused, E.S. told Stone and Laster that she had been sexually abused numerous times by Johnson. According to Stone and Laster's testimony, E.S. said that Johnson put his "pee pee" in her bottom and in her "private," that he had made her watch pornographic movies and perform oral sex on him like the actors in the movies, and that "spit" came out of his private.
>
> The next day, Stone called the police. The following month, E.S. was interviewed by Ashley Wilske, a child interview specialist employed by the prosecutor's office. The interview was recorded and played for the jury during trial.
>
> Johnson was charged with first degree rape of a child. Before trial, the court conducted a competency hearing to determine whether E.S. was competent to testify and found that she was competent. E.S. testified at trial, along with other witnesses who testified that E.S. had told them similar descriptions of Johnson's abuse and two medical witnesses who had examined E.S. after her disclosure. Johnson also testified, as well as an expert on the suggestibility of children and the defense investigator.
>
> Johnson was found guilty, and he moved (with representation of new counsel) for a new trial on many grounds, including ineffective assistance of trial counsel. The trial court denied the motion after a hearing. Because of the guilty verdict on the charged crime (which is a "most serious offense" under RCW 9.94A.030(32)(a)(i)), the trial court declared from the bench that Johnson was a persistent offender, having on its own concluded that Johnson had committed two prior "most serious offenses" under RCW 94A.030(32)(a)(i). The court therefore imposed a sentence of life imprisonment without parole.

(Dkt. No. 20, Ex. 7.)

| | |
|---|---|
| 1 | ## PROCEDURAL HISTORY |
| 2 | Petitioner appealed his judgment and sentence to the Washington Court of Appeals. (*See* |
| 3 | Dkt. No. 20, Ex. 3.) Petitioner presented the following issues to the Court of Appeals for review: |

      1.     Whether the trial court abused its discretion in ruling that the child complainant E.S. was competent to testify, where the child failed to meet all of the competency criteria required under State v. Allen and RCW § 5.60.050, because, inter alia, she was unable to distinguish the basic difference between truth and falsity, was unable to place the alleged events in time, and did not demonstrate an independent recollection of actual events, as opposed to merely repeated answers she had given in multiple interviews.

      2.     Did the trial court violate Mr. Johnson's due process rights at the competency hearing, by refusing to allow adequate cross-examination of E.S. as to her current allegations of sexual abuse, and by outright refusing to consider a defense interview of the child that showed she could not correctly understand the difference between truth and a lie, even when given two chances, all thereby precluding Mr. Johnson from exercising his right to be heard at the competency hearing, and preventing the hearing from being a fair proceeding at which the defendant could be heard and the trial court could make a well-informed judgment of E.S.'s competency?

      3.     Whether defense counsel was ineffective at the competency hearing for failing to produce the testimony of defense investigator Julie Gonzalez.

      4.     Whether, if this Court (1) rules that E.S. was erroneously found competent to testify, (2) rules that due process was violated at the competency hearing, or (3) rules that defense counsel was ineffective at the competency hearing, but despite (1), (2) or (3), the Court nonetheless believes sufficient remaining evidence allows affirmance of the verdict, reversal is still required because the trial court would have been required to engage in a different analysis of the admissibility of the hearsay statements under Crawford v. Washington.

      5.     Whether the trial court erred in finding from the bench that Mr. Johnson was a Persistent Offender, in absence of a jury finding to that effect, and thus in violation of his right to a jury trial.

(*Id.*, Ex. 4 at 1-3.)

On December 18, 2006, the Court of Appeals issued an unpublished opinion in which it affirmed the judgment and sentence of the trial court. (*Id.*, Ex. 8.)

REPORT AND RECOMMENDATION
PAGE - 3

Petitioner next filed a petition for review in the Washington Supreme Court. (Dkt. No. 20, Ex. 10.) Petitioner presented the following four issues to the Supreme Court for review:

1. Whether the court erred in finding E.S. competent to testify.

2. Whether the court violated Mr. Johnson's due process right to be heard at the competency hearing.

3. Whether trial counsel provided ineffective assistance.

4. Whether the sentence violated due process.

(*Id*., Ex. 10 at 1.)

The Supreme Court denied review without comment on December 5, 2007. (*Id*., Ex. 11.) And, the Court of Appeals issued its mandate terminating direct review on January 16, 2008. (*Id*., Ex. 8.) Petitioner now seeks federal habeas review of his conviction and sentence.

## GROUNDS FOR RELIEF

Petitioner identifies the following grounds for relief in his federal habeas petition[1]:

(1) Abuse of discretion. The trial court abused its discretion when it denied petitioner's motion to proceed pro se, which effectively denied petitioner's constitutional right to self representation.

(2) The trial court violated petitioner's right to due process. The trial court violated petitioner's due process rights in precluding the defense from questioning the victims (E.S.) about the specific allegations and in failing to consider the defense interviews of E.S.;

(3) Trial counsel provided ineffective assistance of counsel at the competency hearing (see pg 10 of App. Ct. Opinion)

(4) The trial court granted a continuance in this case over the objections of the petitioner, thereby depriving petitioner of his constitutional right to a speedy trial

---

[1] Petitioner's numbering scheme is somewhat confusing. Accordingly, the Court has eliminated the numbers attached to the individual issues by petitioner and has renumbered petitioner's claims, as did respondent, to reflect the order in which they appear in the petition.

REPORT AND RECOMMENDATION
PAGE - 4

(5) The trial court abused its discretion when it denied petitioner's motion to proceed pro se, which effectively denied petitioner's constitutional right to self-representation

(6) The trial court abused its discretion and violated petitioner's due process rights when it denied a defense motion for a bill of particulars

(7) The trial court abused its discretion and deprived petitioner of his constitutional right to counsel when it denied petitioner [sic] motion for substitute counsel following a complete break-down of the attorney/client relationship (adversal [sic] process) (see communications break-down, water throwing, etc.)

(8) Trial counsel provided ineffective assistance of counsel when she failed to conduct proper investigation and prepare for trial; (see motion for new trial and arrest of judgment

(9) Petitioner was denied effective assistance of counsel when trial counsel failed to challenge Juror #16 for cause after learning that this particular juror had suffered identical or similiar [sic] crime

(10) Use of petitioner's prior convictions for sentencing purposes violated the ex-post facto clauses of the state and federal constitutions; (also prospective)

(11) Ineffective assistance of counsel. Trial counsel provided ineffective assistance of counsel at the competency hearing.

(12) Trial court violated petitioner's right to trial by jury. The court imposed a sentence beyond the maximum term based on information that was not found by a jury beyond a reasonable doubt, thereby violating petitioner's constitutional right to a trial by jury and proof beyond a reasonable doubt.

(*See* Dkt. No. 1 at 4-7.)

## DISCUSSION

Respondent concedes in his answer to the petition that petitioner has exhausted his second, third, eleventh, and twelfth grounds for relief.[2] Respondent argues, however, that petitioner has failed to properly exhaust the remainder of his federal habeas claims because he failed to raise the

---

[2] Respondent notes that petitioner's eleventh ground for relief is identical to his third ground for relief.

claims in their entirety in the state courts. Respondent further argues that those claims are now procedurally barred under an independent and adequate state law.

### Exhaustion and Procedural Default

It is well established that state remedies must first be exhausted as to all issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b), (c). Exhaustion must be shown either by providing the highest state court with the opportunity to rule on the merits of the claim or by showing that no state remedy remains available. *Batchelor v. Cupp*, 693 F.2d 859 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

The exhaustion requirement is a matter of comity, intended to afford the state courts "the first opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981). A federal habeas petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim. *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6. The habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claims. *Id*.

A review of the record confirms that petitioner has not properly exhausted his first, fourth, fifth, sixth, seventh, eighth, ninth, or tenth grounds for federal habeas relief as petitioner failed to present those claims to either the Washington Court of Appeals or the Washington Supreme Court on direct review. When a petitioner fails to exhaust his state court remedies and the court to which petitioner would be required to present his claims in order to satisfy the exhaustion requirement

REPORT AND RECOMMENDATION
PAGE - 6

would now find the claims to be procedurally barred, there is a procedural default for purposes of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

Respondent argues that petitioner, having failed to properly exhaust the above noted claims, would now be barred from presenting those claims to the state courts under RCW 10.73.090. RCW 10.73.090(1) provides that a petition for collateral attack on a judgment and sentence in a criminal case must be filed within one year after the judgment becomes final. Petitioner's conviction became final for purposes of state law on January 16, 2008, the date the Court of Appeals issued its mandate terminating direct review. It therefore appears clear that petitioner would now be time barred from returning to the state courts to present his unexhausted claims. *See* RCW 10.73.090.

Based upon the foregoing, this Court concludes that petitioner has procedurally defaulted on his first, fourth, fifth, sixth, seventh, eighth, ninth, and tenth grounds for federal habeas relief. When a state prisoner defaults on his federal claims in state court, pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

<u>Cause and Prejudice</u>

To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To show "prejudice," the petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and

REPORT AND RECOMMENDATION
PAGE - 7

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).  Only in an "extraordinary case" may the habeas court grant the writ without a showing of cause or prejudice to correct a "fundamental miscarriage of justice" where a constitutional violation has resulted in the conviction of a defendant who is actually innocent.  *Murray*, 477 U.S. at 495-96.

Petitioner fails to establish that any factor external to the defense prevented him from complying with the state's procedural rules.  Because petitioner has not met his burden of demonstrating cause for his procedural default, this Court need not determine whether petitioner carried his burden of showing actual prejudice.  *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1448 (9th Cir. 1989) (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986)).  In addition, petitioner makes no colorable showing of actual innocence.  Petitioner therefore fails to demonstrate that his first, fourth, fifth, sixth, seventh, eighth, ninth, and tenth grounds for relief are eligible for federal habeas review.  Accordingly, this Court recommends that petitioner's federal habeas petition be dismissed with respect to those eight claims.

## Standard of Review for Exhausted Claims

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a habeas corpus petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal law, as determined by the Supreme Court, or if the decision was based on an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law,

REPORT AND RECOMMENDATION
PAGE - 8

or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000). Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*. The Supreme Court has made clear that a state court's decision may be overturned only if the application is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 69 (2003).

Clearly established federal law, for purposes of AEDPA, means "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id*. at 71-72. "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004) (citing *Dows v. Wood*, 211 F.3d 480, 485-86 (9th Cir. 2000)).

Ground Two:  Due Process Rights at Competency Hearing

Petitioner asserts in his second ground for relief that the trial court violated his right to due process during the victim's competency hearing when it precluded the defense from questioning the victim about the specific allegations and when it failed to consider the defense interviews of the victim. The Washington Court of Appeals rejected both of these claims on direct appeal,.

### *1.    Limitation of Defense Questioning*

As to petitioner's claim that the trial court improperly limited defense questioning at the competency hearing, the Court of Appeals concluded as follows:

> Johnson argues that the trial court violated his due process rights by
> prohibiting defense counsel from asking certain questions during E.S.'s cross-

REPORT AND RECOMMENDATION
PAGE - 9

examination in an effort to show she was incompetent.

"Due process is a flexible concept calling for those procedural protections demanded by the nature of the interest affected and the context in which the alleged deprivation occurs." Stone v. Prosser Consol. Sch. Dist., 94 Wn. App. 73, 76, 971 P.2d 125 (1999). In the context of a competency hearing, "[a] trial court has considerable latitude in choosing the procedure for determining competency, and may proceed by any means which permits the parties to be heard and allows the court to make a well-informed judgment." State v. Maule, 112 Wn. App. 887, 888-89, 51 P.3d 811 (2002). In Maule, this court affirmed the trial court's refusal to permit any defense cross-examination, holding that it was not a due process violation because defense counsel's proposed questions on cross-examination went to demonstrating the child victim's inconsistent responses, not her competency. Maule, 112 Wn. App. at 895.

Here, the trial court did not refuse to allow all cross-examination and, in fact, overruled the prosecutor's initial objection. The trial court only later sustained objections to defense counsel's questions that did not relate to competency. A review of the entire cross-examination shows that the court properly limited defense counsel to questions that related to competency

> [Counsel]: And what did [Johnson] do that hurt you?
> [Prosecutor]: Object[io]n, Your Honor. This is a competency hearing.
> THE COURT: Overruled.
> A: My private.
> Q: Pardon?
> A: My private.
> Q: He hurt your private? How did he do this?
> A: He pulled off my pants and my bottom.
> [Prosecutor]: I'm sorry?
> A: And my bottom.
> Q: Okay. Would you say that again, I have trouble hearing you.
> A: My bottom.
> Q: What did he do to your bottom? Did he spank your bottom?
> A: No. He have put his private in my bottom.
> Q: And did you see his private?
> A: Yes.
> Q: And did you tell anyone about this?
> A: My mom.
> Q: How soon after this happened did you tell your mom?
> A: When he left.
> Q: Where did he go?
> A: To jail.
> Q: Did he put his private in your bottom more than one time?
> A: More than one time.

REPORT AND RECOMMENDATION
PAGE - 10

> Q: Do you remember how many times?
> A: No.
> Q: Do you remember if you were living in Auburn when this happened?
> A: Yes.
> Q: Were you living any other place when it happened?
> A: No.
> Q: And each time that it happened did you tell your mom?
> A: No, but when he left.
> Q: When he left you told your mom?
> A: Yeah.
> Q: Did you tell any other person other than your mom about this?
> A: Yes.
> Q: Who did you tell?
>     THE COURT: We are now moving well beyond what is necessary for competency hearing, so I'm not going to allow any further inquiries, details.
>     [Counsel]: May I go into any other acts of –
>     THE COURT: No, this isn't an interview of a witness. This is a competency hearing, and we are dealing with five factors. Don't inquire into details.
>     [Counsel]: Okay.
> Q: I just have two more questions. Do you remember whether this happened before you were five or after you were five?
> A: No.
> Q: You don't remember? And other than what you told us about your bottom, were there any other parts of your body that were involved?
> A: Yes.
>     [Prosecutor]: Objection
>     THE COURT: Sustained.
>     [Counsel]: No other questions.
>
> VRP (Oct. 7, 2004) at 22-24. This excerpt of the record reveals that when the trial court halted cross-examination, defense counsel's questions were not relevant to competency, but were relevant only to whether E.S.'s testimony at the hearing was consistent with other statements. The court was entitled to limit cross-examination to the issues relevant to competency, and we conclude that this limitation does not violate Johnson's due process rights because the prohibited questions would not have assisted the trial court in ruling on competency.

(Dkt. No. 20, Ex. 7 at 11-13.)

The state court cases relied upon by the Court of Appeals in analyzing petitioner's due process claim, *Maule* and *Stone*, themselves relied upon the due process principles elucidated by

REPORT AND RECOMMENDATION
PAGE - 11

the United States Supreme Court in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976). It appears to this Court that the Washington Court of Appeals reasonably applied those principles to the facts of petitioner's case. Accordingly, petitioner's federal habeas petition should be denied with respect to this first part of petitioner's second ground for relief.

### 2. *Defense Interview*

As to petitioner's claim that the court refused to consider the defense interview with the victim in deciding the competency issue, the Court of Appeals concluded as follows:

> When Johnson's counsel was making arguments at the conclusion of the competency hearing, she referred to the defense interview–noting that she had discussed moving for its admission, but had not done so–and described what she thought were the important things in the interview (E.S.'s hesitation and refusal to answer certain questions and her possible confusion over how many times Johnson had abused her). After the court had ruled that E.S. was competent and other pretrial matters had been addressed, defense counsel asked that a tape of the defense interview be admitted as an exhibit. The trial court answered:
>
> > THE COURT: I haven't listened to it. I mean, if you want to make a record of it, that's fine with me. I just didn't see that. To me, the point was the fact that she may have answered inconsistently or reluctantly doesn't affect whether she is competent, and her statements could affect the reliability, but I don't think it does. And it doesn't affect competency. So that's fine, if you want to mark them and admit it.
>
> VRP (Oct. 7, 2004) at 154. Thus, the trial court did not refuse to listen to this evidence because it had not even been proffered during the competency hearing. Furthermore, defense counsel had not provided the trial court with any reason that the defense interview would be relevant to determining competency, but had only highlighted inconsistencies and reluctant answering, which the trial court properly recognized went to reliability, not competency. Thus, even assuming the defense interview was in front of the trial court, Johnson has not established that the trial court's competency ruling would have been different. Johnson's due process rights were not violated by the trial court's refusal to consider the interview because the interview was not actually before the court to consider and Johnson had not argued to the court that the interview was relevant for determining competency. Johnson's claim that the trial court violated his due process rights by failing to consider the defense interview therefore fails.

(Dkt. No. 20, Ex. 7 at 10-11.)

Petitioner makes no showing that either the reasoning or the result of the Court of Appeals' decision contradicts any Supreme Court cases. Accordingly, the Washington Court of Appeals' decision cannot be deemed contrary to, nor an unreasonable application of, Supreme Court precedent. *See Early v. Packer*, 537 U.S. 3, 8 (2002).

<u>Grounds Three and Eleven: Ineffective Assistance of Counsel</u>

Petitioner asserts in both his third and eleventh grounds for relief that he was denied the effective assistance of counsel at his competency hearing. While petitioner provides no facts in support of this claim, the Court presumes petitioner intends to raise the same claim raised on direct appeal which was that counsel rendered ineffective assistance when she failed to call the defense investigator to testify at the competency hearing.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 688, 691-92.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Strickland*, 466 U.S. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. In order to prevail on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel's challenged actions might be considered sound trial strategy. *Id*.

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. The petitioner must demonstrate that it is reasonably probable that, but for

REPORT AND RECOMMENDATION
PAGE - 13

counsel's errors, the result of the proceedings would have been different. The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component. *Strickland*, 466 U.S. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id*.

The Washington Court of Appeals rejected petitioner's ineffective assistance of counsel claim on direct appeal:

> Johnson argues that his trial counsel was ineffective because she should have called the defense investigator to testify at the competency hearing.
>
> To establish ineffective assistance of counsel, a defendant must prove that the counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). If either one of these elements is not proved the defendant's claim fails. State v. Hendrickson, 129 Wn.2d 61, 78, 917 P.2d 563 (1996).
>
> Washington courts have "refused to find ineffective assistance of counsel when the actions of counsel complained of go to the theory of the case or to trial tactics." State v. Renfro, 96 Wn.2d 902, 909, 639 P.2d 737 (1987). Here, there were many tactical reasons why counsel could have decided not to call the defense investigator at the competency hearing. As discussed above, the defense investigator's interview of E.S. generally supports a finding of competency. A transcript of the defense interview was admitted, and the investigator's testimony at the competency hearing would have concerned only that interview. While two of E.S.'s answers during the interview do appear false, the rest of her answers support a finding of competency and Johnson's counsel strategically determined that the defense investigator's testimony would not have been helpful to Johnson at the competency hearing. Johnson's counsel was not deficient in failing to call the defense investigator at the competency hearing, and Johnson's ineffective assistance of counsel claim therefore fails.

(Dkt. No. 20, Ex. 7 at 13-14.)

The record makes clear that the Washington Court of Appeals correctly identified the governing law and reasonably applied that law to the facts of this case. Petitioner makes no showing to the contrary. Accordingly, petitioner's federal habeas petition should be denied with respect to his third and eleventh grounds for relief.

REPORT AND RECOMMENDATION
PAGE - 14

### Ground Twelve: Violation of Right to Trial by Jury

Petitioner asserts in his twelfth ground for relief that the court imposed a maximum term of confinement based upon information that was not found by a jury beyond a reasonable doubt, thereby violating his right to a trial by jury.

The Washington Court of Appeals rejected this claim on direct appeal:

> Johnson argues that the trial court violated his due process rights when it found him to be a persistent offender without a jury finding that he had two prior "most serious offenses."
>
> Federal due process guarantees require that any fact <u>other than a prior conviction</u> that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L. Ed. 2d 435 (2000). The Washington Supreme Court analyzed the federal case law on this issue and also held that under either the federal or state constitution, "there is no constitutional requirement that defendants be given a jury trial on the fact of their prior convictions." <u>State v. Smith</u>, 150 Wn.2d 135, 156, 75 P.3d 934 (2003).
>
> Although Johnson cites <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), to support his argument, <u>Blakely</u> did not change the <u>Apprendi</u> rule excepting prior convictions. Thus, because federal and state cases have affirmed the <u>Apprendi</u> rule, Johnson's argument fails. We conclude that Johnson was not entitled to have a jury determine whether he is a persistent offender because the fact of prior convictions need not be submitted to a jury.

Once again, the Washington Court of Appeals correctly identified the governing law and reasonably applied it to the facts of petitioner's case. Petitioner makes no showing to the contrary. Accordingly, petitioner's federal habeas petition should be denied with respect to his twelfth ground for relief.

//

//

//

//

REPORT AND RECOMMENDATION
PAGE - 15

## CONCLUSION

Based upon the foregoing, this Court recommends that petitioner's federal habeas petitioner be denied and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 7th day of August, 2009.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge